IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HEATHER KENNY, *individually and on behalf of all similarly situated individuals*,<br><br>    Plaintiffs,<br><br>v.<br><br>FIFTH THIRD BANK, NATIONAL ASSOCIATION,<br><br>    Defendant. | Civil Action No. 3:24-cv-402 |

**CLASS ACTION COMPLAINT**

Plaintiff Heather Kenny, individually and on behalf of all similarly situated individuals, files this Class Action Complaint against Fifth Third Bank, National Association. In support of her Class Action Complaint, Plaintiff alleges as follows:

**INTRODUCTION**

1. The Truth-in-Lending Act's ("TILA") declared purpose is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); *see also Cornist v. B.J.T. Auto Sales, Inc.*, 272 F.3d 322, 326 (6th Cir. 2001) ("TILA endeavors to enable consumers to evaluate credit offers separately from the purchase of merchandise, and thereby to create an active market providing more efficient credit prices.").

2. To that end, TILA requires creditors to disclose any "finance charge" that they impose on consumers in a credit transaction. 15 U.S.C. § 1638(a)(3).

3. The statute defines "finance charge" as follows: "[T]he amount of the finance

charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor *as an incident to the extension of credit*. The finance charge does not include charges of a type payable in a comparable cash transaction." 15 U.S.C. § 1605(a) (emphasis added).

4. The definition in TILA's implementing regulation (Regulation Z) uses similar language: "The finance charge is the cost of consumer credit as a dollar amount. It includes any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor *as an incident to or a condition of the extension of credit*. It does not include any charge of a type payable in a comparable cash transaction." 12 C.F.R. § 1026.4(a) (emphasis added).

5. The Consumer Financial Protection Bureau's official staff interpretations further cement what constitutes a "finance charge": "Charges imposed uniformly in cash and credit transactions are not finance charges. In determining whether an item is a finance charge, the creditor should compare the credit transaction in question with a similar cash transaction." 12 C.F.R. Pt. 1026 Supp. I, § 1026.4.

6. Relying on that guidance, courts have ruled that § 1638(a)(3) obligates creditors to disclose—as finance charges—any costs charged to customers buying on credit, but not charged to customers buying with cash in comparable transactions. *See, e.g.*, *Cornist*, 272 F.3d at 327 ("An increase in the base price of an automobile that is not charged to a cash customer, but is charged to a credit customer, solely because he is a credit customer, triggers TILA's disclosure requirements."); *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927, 932 (7th Cir. 1998) (explaining that TILA requires a creditor to "disclose to a consumer buying on credit exactly how much he will pay for that credit"); *Gibson v. Bob Watson Chevrolet–Geo, Inc.*, 112 F.3d 283, 287

(7th Cir. 1997) (holding that the difference alleged between the price of a car warranty in credit transactions and the price of a car warranty in cash transactions constituted a finance charge that must be disclosed under TILA).

7. Here, Fifth Third Bank and its predecessor, Dividend Solar Finance LLC,[1] failed to disclose finance charges to Plaintiff and other similarly situated consumers.

8. When financing the purchase of a residential solar power system in a consumer transaction, Plaintiff was told that Fifth Third Bank was making her a loan in the amount of $70,661 at an Annual Percentage Rate (APR) of 3.99%.

9. Fifth Third Bank, however, did not disburse $70,661 to the installer.

10. This, of course, was because the solar panel system and installation did not actually cost $70,661.

11. Rather, the represented loan amount included a substantial undisclosed finance charge—or a hidden fee.

12. That hidden fee was baked into the represented loan amount in accordance with Fifth Third Bank's practice of inflating the loan amounts of solar power systems purchased by consumers from installers.

13. At the time Plaintiff signed for her loan, the Itemization of the Amount Financed in the TILA disclosures falsely informed her that the full $70,661 was sent to her installer.

14. Fifth Third Bank's Loan and Security Agreement also falsely stated: (i) that the $70,661 amount was solely for the design and installation of the solar power system; and (ii) that the disclosed interest would be charged only on principal disbursed to the installer.

---

[1] This Class Action Complaint refers to Fifth Third Bank and Dividend as Fifth Third Bank. As noted in Plaintiff's loan documents, including her Closing Statement, Fifth Third Bank is the "successor by merger with Dividend Solar Finance LLC."

3

15. Fifth Third Bank also disclosed an estimated finance charge of $42,265.42, which was based on the 3.99% APR over the course of the loan based on the $70,661 principal amount.

16. The structure of Plaintiff's loan meant that she was paying two finance charges:

(i) the *undisclosed* more-than-$26,0000 hidden fee; and

(ii) the *disclosed* finance charge of $42,265.42, which was based on the bloated principal loan amount.

17. Because Fifth Third Bank failed to disclose the hidden fee, Plaintiff was not apprised of the true cost of her decision to borrow money.

18. Fifth Third Bank's conduct violated TILA's finance disclosure requirement. *See* 15 U.S.C. § 1638(a)(3).

19. Because Fifth Third Bank has a systematic policy to *not disclose* the hidden fee as a baked-in finance charge on loans financed with all its solar power installers, Plaintiff brings this action on behalf of herself and all similarly situated individuals.

20. Plaintiff and the class are entitled to their actual damages and statutory damages up to "$1,000,000 or 1 per centum of the net worth of" Fifth Third Bank. 15 U.S.C. § 1640(a)(2)(B).

## JURISDICTION AND VENUE

21. The Court has original jurisdiction under 28 U.S.C. § 1331.

22. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

23. Plaintiff is a natural person, a "person" as defined by 15 U.S.C. § 1602(e), and a "consumer" as contemplated by 15 U.S.C. § 1602(i).

24. Fifth Third Bank is a national association. Fifth Third Bank is a creditor as defined by 15 U.S.C. § 1602(g).

## FACTS

25. As fully detailed in Paragraphs 175 through 226 of a complaint recently filed by Attorney General for the State of Minnesota, Fifth Third Bank (while operating as Dividend Solar Finance LLC) regularly imposed hidden finance fees in credit agreements established through consumer contracts with various solar panel system sellers/installers. *See* Complaint, *Minnesota v. Goodleap LLC*, No. 27-cv-24-3558 (Minn. Dist. Ct. Mar. 8, 2024), *available at* https://www.ag.state.mn.us/Office/Communications/2024/docs/SolarLending_Complaint.pdf.

26. Plaintiff's experience confirms Fifth Third Bank's established practice.

27. On or about June 1, 2023, in a consumer transaction as defined by 15 U.S.C. § 1602(i), Plaintiff purchased a solar panel system from Nexus Energy Systems.

28. The sales agent who discussed the solar power system with Plaintiff also discussed and arranged for financing from Fifth Third Bank.

29. The "TRUTH IN LENDING ACT DISCLOSURES" appeared in Fifth Third Bank's Loan and Security Agreement as follows:

**TRUTH IN LENDING ACT DISCLOSURES**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 3.99% | $42,265.42(e) | $70,661.00 | $112,926.42(e) |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 15 | $268.00 (e) | Monthly, beginning 09/16/2023 (e) |
| 283 | $383.49 (e) | Monthly, beginning 12/16/2024 (e) |
| 1 | $378.75 (e) | 07/16/2048 (e) |

**(e)**: Means an estimate.
**Payment Schedule:** The payment schedule disclosed above assumes Borrower does <u>not</u> make the Incentive Payment (defined in the Agreement below) within the first fifteen (15) monthly installment payments. If Borrower makes the Incentive Payment in full within the first fifteen (15) monthly installment payments, the amount of each remaining monthly payment will be approximately the same as the prior monthly payments.
**Security:** You are giving a security interest in the Collateral being purchased.
**Late Charge:** If we do not receive a payment in full within 7 days of its due date, you will pay a late charge equal to five (5) percent of the unpaid amount of the payment then due.
**Prepayment:** You may prepay all or any portion of the Loan at any time without penalty.
**Terms:** You should read the remainder of this Agreement for additional information about security interests, nonpayment, defaults, prepayment refunds and our right to require repayment in full before the scheduled maturity date.

5

30. Fifth Third Bank disclosed to Plaintiff that the "FINANCE CHARGE" for her loan would cost her an estimated $42,265.42 based on a 3.99% APR.

31. The same document itemized the Amount Financed as follows:

| ITEMIZATION OF AMOUNT FINANCED | | |
|---|---|---|
| 1. Principal Amount of Loan | $ | 70,661.00 |
|    1. Amounts Paid to Others on Your Behalf | | |
|       a. To Seller/Contractor for Collateral and Installation | $ | 70,661.00 |
| 2. Amount Financed | $ | 70,661.00 |

32. The Amount Financed purported to represent the amount—$70,661—that Fifth Third Bank would pay, on Plaintiffs' behalf, to the "Seller/Contractor for Collateral and Installation."

33. The second paragraph on page one of Fifth Third Bank's Loan and Security Agreement confirmed that the $70,661 would "solely be used to pay for the design and installation of" the solar panel system.

34. As did the **Principal Amount of Loan** paragraph at the bottom of page one, which stated that the principal amount was the sum of the payments made to the seller/installer.

35. Finally, the **Interest** paragraph on page two stated that interest would be charged only on principal disbursed.

36. Those statement were false because $70,661 was not sent to the seller/installer.

37. In fact, Fifth Third Bank itself retained more than $26,000 of the represented principal loan amount.

38. Consequently, the disclosure of the Amount Financed was inflated by an undisclosed finance charge exceeding $26,000, the Finance Charge was understated by the same amount, and the disclosed APR was inaccurate.

39. Fifth Third Bank charged Plaintiff the hidden fee because it was claiming to charge a 3.99% APR.

40. If Fifth Third Bank had offered Plaintiff a 7.99% APR, the hidden fee would have been approximately $9,600, and the principal loan amount would have been disclosed as $53,960.

41. And if Plaintiff had agreed to pay cash, the price of the same solar power system from the same seller/installer would have been $44,360.

42. These numbers come from an email that the seller/installer had sent to Plaintiff after she had already signed the loan agreement with Fifth Third Bank. (*See* **Exhibit A.**)

43. By working with the seller/installer, Fifth Third Bank inflated the disclosed purchase price of the solar panel system because Plaintiff borrowed money at a purportedly low interest rate.

44. Fifth Third Bank knew this substantial hidden fee would not be disbursed to the seller/installer for parts and installation.

45. The hidden fee was incident to the extension of credit.

46. The seller/installer received only the disclosed amount less the hidden fee.

47. Had Plaintiff paid for the solar panel system in cash, she would not have incurred the more-than-$26,000 finance charge that Fifth Third Bank retained.

48. The true amount of the loan was the amount paid by Fifth Third Bank to the seller/installer.

49. Fifth Third Bank shares with the seller/installers a rate sheet that discloses how that hidden fee varies with the terms of the credit.

50. Fifth Third Bank does not share that rate sheet with potential borrowers.

51. Fifth Third Bank does not inform potential borrowers what the interest rate would be if Fifth Third Bank retained no hidden fee in the transaction.

52. Fifth Third Bank was incentivized to act as it did because the hidden fee would have required Plaintiff to pay not only $26,000 more in principal than she should have—but also the interest that would have accrued on that amount over the course of the 25-year loan.

53. Fifth Third Bank intended to profit from that windfall.

54. Because Fifth Third Bank charged a fee to Plaintiff simply because she financed her purchase on certain credit terms, Fifth Third Bank had a legal obligation to disclose that amount to Plaintiff as a finance charge. *See* 15 U.S.C. § 1638(a)(3).

## COUNT ONE:
## VIOLATION OF TILA, 15 U.S.C. §§ 1638(a)(3), 1640
### (Class Claim)

55. Plaintiff incorporates each of the preceding allegations.

56. Under Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of the following class:

> All consumers who: (1) borrowed money from Fifth Third Bank or its predecessor Dividend Solar Finance LLC for the purchase of a solar panel system; (2) where the stated amount of the loan included a fee not paid to the seller/installer; and (3) where the amount disbursed to the seller/installer was less than the TILA cap under 15 U.S.C. § 1603(3), as adjusted annually; (4) beginning with the one-year period before this Complaint was filed.

Plaintiff is a putative class member.

57. **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiff allege that the class members are so numerous that joinder of all is impractical. The class members' names and addresses can be identified through Fifth Third Bank's internal business records, and the class members may be notified of the pendency of this action by published or mailed notice

58. **Predominance of Common Questions of Law and Fact**. Fed. R. Civ. P. 23(a)(2) and Fed. R. Civ. P. 23(b)(3). Common questions of law and fact exist as to all putative class members, and there are no factual or legal issues that differ between them. These questions predominate over the questions affecting only individual class members. The principal issues include: (1) whether the difference between the principal amounts of loans and the amounts actually disbursed to sellers/installers are "finance charges" under TILA; (2) whether Fifth Third Bank, in fact, failed to properly disclose those amounts to consumers; and (3) the appropriate amount of statutory damages given the frequency and persistence of failures of compliance by Fifth Third Bank, the resources of Fifth Third Bank, the number of persons adversely affected, and the extent to which Fifth Third Bank's failure of compliance was intentional.

59. **Typicality**. Fed. R. Civ. P. 23(a)(3). Plaintiff's claim is typical of the claim of each putative class member. Plaintiff is also entitled to relief under the same cause of action as the other putative class members. All claims are based on the same facts and legal theories.

60. **Adequacy of Representation**. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate class representative because her interests coincide with, and are not antagonistic to, the putative class members' interests. Plaintiff has retained experienced and competent counsel; she intends to continue to prosecute the action vigorously; she and her counsel will fairly and adequately protect the interests of the members of the class; and she and her counsel have no interest that might cause them to not vigorously pursue this action.

61. **Superiority**. Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome

and expensive. It would be nearly impossible for class members to effectively redress the wrongs done to them in individual litigation. Even if class members could afford it, individual litigation would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Fifth Third Bank's conduct. By contrast, the class-action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve several individual claims based on a single set of proof in a case.

62. Fifth Third Bank violated 15 U.S.C. § 1638 by failing to disclose to Plaintiff—as a finance charge—a hidden fee when she borrowed money to purchase a solar power system.

63. Upon information and belief, Plaintiff alleges that, as a standard practice, Fifth Third Bank fails to disclose hidden fees that are baked into a loan's principal amount.

64. Upon information and belief, Fifth Third Bank's conduct is a part of a broader practice of frequent and persistent noncompliance with § 1638.

65. The fee caused the Amount Financed, the Finance Charge, the APR, and the Itemization of Amount Financed disclosures to be wrong.

66. Plaintiff and the putative class members suffered actual damages because of Fifth Third Bank's violations of § 1638.

67. Based on Fifth Third Bank's noncompliance with § 1638, Plaintiff seeks, individually and on behalf of the class, actual damages, statutory damages, reasonable attorneys' fees, and costs under 15 U.S.C. § 1640(a).

WHEREFORE, Plaintiff demands judgment for actual and statutory damages against Fifth Third Bank; her attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court considers proper.

**TRIAL BY JURY IS DEMANDED.**

    Respectfully submitted,
    **PLAINTIFF**

    __/s/ *Kristi C. Kelly*__
    Kristi C. Kelly, VSB #72791
    Andrew J. Guzzo, VSB #82170
    Casey S. Nash, VSB #84261
    J. Patrick McNichol, VSB #92699
    Matthew G. Rosendahl, VSB # 93738
    KELLY GUZZO, PLC
    3925 Chain Bridge Road, Suite 202
    Fairfax, VA 22030
    (703) 424-7572 – Telephone
    (703) 591-0167 – Facsimile
    Email: kkelly@kellyguzzo.com
    Email: aguzzo@kellyguzzo.com
    Email: casey@kellyguzzo.com
    Email: pat@kellyguzzo.com
    Email: matt@kellyguzzo.com

    Thomas Domonoske, VSB #35434
    CONSUMER LITIGATION ASSOCIATES
    850 W. Market Street, Suite 140
    Harrisonburg, Virginia 22801
    (540) 889-0975 – Telephone
    Email: tom@clalegal.com

    *Counsel for Plaintiff*